16992

JAMES A. JONES, Respondent, v. NATIONAL BANKERS LIFE INSURANCE COMPANY, Appellant

(86 S. E. (2d) 871)

*E. B. Cureton, Jr., Esq.,* of Columbia, *for Appellant,*

*Messrs. C. T. Graydon* and *J. Bratton Davis,* of Columbia, *for Respondent,*

April 13, 1955.

OXNER, Justice.

This is an action to recover benefits under a hospital insurance contract. The case was heard below on the pleadings, certain exhibits and a stipulation of facts. From an adverse judgment, the defendant insurance company has appealed.

The policy of insurance, which was issued on May 27, 1953, is not included in the record. It seems to be conceded, however, that it contained the following clause: "This policy does not cover any loss for disability resulting wholly or partly in or from injury or sickness while confined to any institution wherein the insured is entitled to services without cost to himself."

Plaintiff is, and has been since 1944, employed by the Atlantic Coast Line Railroad Company, which maintains a Relief Department. Under its labor contract, membership therein by any employee is optional. Each member is re-

quired to pay monthly dues which entitle him to certain hospital and medical benefits. Plaintiff was a member and paid $3.50 monthly. The County Judge found, to which there is no exception, that when the insurance policy involved in this action was solicited, plaintiff informed the soliciting agent of the benefits to which he was entitled as a member of the railroad's Relief Department.

Plaintiff was a patient in a hospital operated by the Relief Department of the Atlantic Coast Line Railroad Company at Rocky Mount, North Carolina, from March 8 to March 27, 1954, and from April 8 to April 20, 1954. The cost of this hospitalization was $141.50, for which claim was filed. Defendant asserted non-liability under the exclusion clause hereinabove quoted. The Court below held that this clause was not applicable under the facts and awarded plaintiff judgment for $141.50.

We agree with the County Judge. Assuming that this clause was intended to exclude liability for hospitalization furnished gratuitously, there is no showing that the services received by plaintiff at the Rocky Mount Hospital were "without cost to himself." In fact, the record does not disclose the plan under which the Relief Department was operated nor the exact nature of the benefits given to the railroad employees.

Defendant calls our attention to the case of *Barden v. Atlantic Coast Line Railway Co.*, 152 N. C. 318, 67 S. E. 971, 975, 49 L. R. A., N. S., 801, where, after reviewing the rules and regulations of the Relief Department, it was held that the hospital in which plaintiff was confined at Rocky Mount was a mere agency of the Atlantic Coast Line Railway, operated for charitable purposes, "supported by the mutual contributions of employee and employer", and "maintained for the sole purpose of relieving and mitigating the suffering of its members." This case is of no aid to defendant. Certainly it could not be said that an employee entering this hospital under the arrangement outlined in the

*Barden case* is given free hospitalization. He contributes a part of the costs of maintaining this Relief Department.

Affirmed.

BAKER, C. J., and STUKES, TAYLOR and LEGGE, JJ. concur.